been any order made by the special term denying the motion of the city of Mt. Vernon for the vacating of the judgment, and for the appointment of a referee· to· assess the damages of the plaintiff. Until such an order is made, entered, and noticed, the defendant's time to appeal from the decision does not begin to run. It was the duty of the plaintiff in the action to enter the order in the first instance. The most astute counsel was liable to err under the circumstances, for the consolidation, so to speak, of the motion in the action with the petition in the proceedings was expeditious rather than regular, and the result was that both counsel were misled by one counsel's attempt to avoid circuity. It may be said that, if the learned counsel for the plaintiff did not enter the order, then the learned counsel for the defendant should have done so. But one act of omission may be offset against the other to effect the result, which is not to secure the success of technicalities, but to afford a hearing upon an important and substantial question on the merits.

Action upon this appeal should be suspended so that meanwhile an order may be entered upon the decision of the special term upon the motion of the city of Mt. Vernon to vacate the judgment, and an appeal taken therefrom (with leave to either party, as the case may be, to move in this court in this appeal upon the failure of the other to proceed promptly), in order that the question as to the vacation of the judgment may be presented in this court on the merits. If such order be entered, and an appeal perfected therefrom, this court will then pass upon the questions presented by both appeals. All concur.

---

(75 App. Div. 306.)

### HOAG v. WILLIAMSBURGH SAV. BANK.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURIES TO TENANT.

   A tenant slipped on ice formed in a hallway in the leased building the night before, and was injured. The ice was formed from water dripping from a defective closet, which defect had existed for some days, with the knowledge of the janitor of the building. *Held*, that the liability of the landlord was determinable by the diligence required in removing the defect in the closet, and not by the diligence required in removing the ice.

Appeal from trial term, Kings county.

Action by Jennie Hoag against the Williamsburgh Savings Bank. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Geo. S. Espenscheid, for appellant.

Edward J. McCrossin, for respondent.

HIRSCHBERG, J. The plaintiff, when injured, was the tenant in possession of apartments in a double tenement house in the borough of Brooklyn, belonging to the defendant. The house was ten-

anted by several families, and a janitress representing the defendant was on the premises. No question is raised in denial of the legal duty resting upon the defendant to keep the halls and stairways in a reasonably safe condition, so far as that result could be effected by the exercise of reasonable care. On the 28th day of February, 1900, the plaintiff was injured by falling in one of the hallways, common to the use of all the tenants, by reason of ice which had formed upon the floor from the leakage of a water-closet overhead, and from the freezing temperature of the hallway. The appellant contends that there is no evidence of the continuance of the defective conditions for a sufficient length of time to charge the defendant with constructive notice, and that, as the ice had formed only the night before the accident, the defendant should be relieved from responsibility upon the theory of the cases which relieve municipal corporations from liability for the consequences of sudden and recent accumulations and formations of snow and ice upon public highways. The cases are not analogous. Rain and snow fall of necessity upon the public streets, and that ice should form under the conditions of our climate is inevitable. A municipal corporation is held chargeable under such circumstances, in the absence of actual notice, only for a lack of diligence during a reasonable period subsequent to the creation of the dangerous condition. Muller v. City of Newburgh, 32 Hun, 24, affirmed in 105 N. Y. 668. Here, however, the primary defect was in the leaky condition of the ceiling over the hall, arising from the defective condition of the closet. There was evidence from which the jury might properly conclude that this had been in existence for at least two weeks before the plaintiff's accident, and that the attention of the janitress had been called to it some days before. The diligence required of the defendant was accordingly to be measured not from the time the ice had formed, but from the length of time the water had been allowed to drip upon the floor in a hallway maintained at a temperature in which the formation of ice was reasonably to be expected.

The case contains no tenable exception; and, while other matters than the one herein considered are presented in the briefs, they relate to subjects concerning which a conflict of evidence was elicited, and upon which the verdict is conclusive. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.